1  Daniel J. Weintraub - Bar #132111
   James R. Selth - Bar #123420
2  Marc A. Collins - Bar #136739
   WEINTRAUB & SELTH, APC
3  11766 Wilshire Boulevard, Suite 1170
   Los Angeles, CA 90025
4  Telephone: (310) 207-1494
   Facsimile: (310) 442-0660
5
   Attorneys for Debtor and
6  Debtor-in-Possession,
   YACOOBIAN ENTERPRISES, LP
7

8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO DIVISION

10

11 In re                          ) Case No. 1:10-bk-19542-GM
                                   )
12 YACOOBIAN ENTERPRISES, LP       ) Chapter 11
                                   )
13           Debtor.               ) **DEBTOR'S NOTICE OF MOTION AND**
                                   ) **MOTION FOR ORDER REQUIRING**
14                                 ) **CANICO CAPITAL GROUP, LLC TO**
                                   ) **PRODUCE DOCUMENTS AND FOR THE**
15                                 ) **PERSON(S) MOST KNOWLEDGEABLE TO**
                                   ) **APPEAR TO BE EXAMINED, PURSUANT**
16                                 ) **TO RULE 2004; MEMORANDUM OF**
                                   ) **POINTS AND AUTHORITIES**
17                                 )
                                   ) **[F.R. Bank.P.Rule 2004]**
18                                 )
                                   ) Date: [No Hearing Required]
19                                 ) Time:
                                   ) Place:
20 _____)

21

22     **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY**

23 **JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, CANICO CAPITAL GROUP,**

24 **LLC AND ITS COUNSEL AND TO ALL INTERESTED PARTIES:**

25     **PLEASE TAKE NOTICE THAT** Yacoobian Enterprises, LP, the debtor

26 and debtor-in-possession herein ("Debtor"), pursuant to Rule 2004

27 of the Federal Rules of Bankruptcy Procedure (the "F.R.B.P.") and

28 Local Bankruptcy Rule ("LBR") 2004-1, hereby seeks an order:

                              1

1  (1) requiring the person or persons most knowledgeable from Canico

2  Capital Group, LLC ("Canico") with respect to the subjects

3  detailed in the attached Memorandum of Points and Authorities (the

4  "Memorandum") to appear for individual examination pursuant to

5  F.R.B.P. Rule 2004 on November 5, 2010 at 10:00 a.m. at the

6  offices of Weintraub & Selth, APC, 11766 Wilshire Blvd., Suite

7  1170, Los Angeles, CA 90025; and (2) compelling production by

8  Canico of all documents requested herein for inspection and

9  copying no later than November 5, 2010 at the offices of Weintraub

10 & Selth, APC, 11766 Wilshire Blvd., Suite 1170, Los Angeles, CA

11 90025 (the "Motion").

12       The Motion is made without a hearing pursuant to F.R.B.P.

13 2004 and LBR 2004-1, and is made on the grounds that (1) the

14 information sought concerns the nature and extent of the assets

15 and liabilities of the estate, (2) the Debtor has made a concerted

16 effort to obtain the requested documents and information in the

17 most judicious way possible, but has realized Canico has no

18 intention of voluntarily complying with the Debtor's requests for

19 the production of documents relating to the Debtor's assets and

20 liabilities.

21       This Motion is based on this Notice, the Memorandum, and the

22 proposed order attached hereto as **Exhibit B** and electronically

23 lodged concurrently herewith.

24       Pursuant to LBR 2004-1(a), counsel for the Debtor has

25 attempted to meet and confer with Canico's counsel of record

26 regarding a mutually agreeable date, time, place, and scope of the

27 examination and production.  However, Canico's counsel has been

28 unresponsive.

1     **PLEASE TAKE FURTHER NOTICE THAT** pursuant to LBR 2004-1,

2 motions for protective orders must be filed and served not less

3 than fourteen (14) days before the date set for examination, and

4 set for hearing not less than two (2) court days before the

5 scheduled examinations, unless an order shortening time is granted

6 by the Court pursuant to LBR 9075-1.

7     **WHEREFORE,** the Debtor respectfully requests that the Court

8 grant the Motion and such other and further relief as it deems

9 necessary, just, and proper.

10

11 Dated: October 14, 2010         WEINTRAUB & SELTH, APC

12                                  By

13                                   Daniel J. Weintraub
                                  James R. Selth

14                                   Marc A. Collins
                                  Attorneys for Debtor and

15                                   Debtor-In-Possession,
                                  YACOOBIAN ENTERPRISES, LP

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM AND POINTS OF AUTHORITIES

2

### I.

3

## INTRODUCTION AND STATEMENT OF FACTS

4

**A.   The Filing of the Bankruptcy Case.**

5   Yacoobian Enterprises, LP, the debtor and debtor-in-

6 possession ("Debtor"), commenced this case by the filing of an

7 emergency voluntary Chapter 11 petition on August 3, 2010.   Since

8 that time, the Debtor has been managing its operations as a

9 debtor-in-possession pursuant to Sections 1107 and 1108 of the

10 Bankruptcy Code.

11   The case was filed in order to preserve the viability of a

12 sale transaction that will bring the Debtor's hotel properties

13 fully into compliance with and obtain the substantial benefits of

14 the affordable housing market, generating more than $16 million.[1]

15 These sale proceeds, which exceed all of the Debtor's secured and

16 unsecured debt, will result in a surplus of several million

17 dollars for the Debtor after payment of all creditor claims.

18   The emergency filing also prevented a Trustee's Sale by the

19 Debtor's senior secured creditor, Canico Capital Group, LLC

20 ("Canico").   The Debtor and Canico have been previously engaged in

21 litigation concerning, amongst other things, Canico's improper

22 acquisition of an FDIC loan portfolio that included loans made to

23 the Debtor by Security Pacific Bank, a bank formerly owned and

24 operated by Ezri Namvar, prior to its takeover by the FDIC.

25

26

[1] Due to the lengthy escrow of the current sale and criticisms of the
27 buyers ability to close, the Debtor is also negotiating a back-up offer to
purchase the Debtor's hotel properties at a price that is also sufficient to pay
28 all claims secured by the hotel properties, unsecured claims and administrative
claims.

## B.    The Disputed Secured Claims.

Prior to 2004, the Yacoobian family maintained a long term banking relationship with Imperial Capital Bank ("Imperial"). The Yacoobian family borrowed and repaid numerous loans from Imperial with Philip Powers as their primary banker at Imperial. When Mr. Powers moved to Security Pacific Bank (owned by Ezri Namvar), the Yacoobian family was persuaded to move with Mr. Powers and became one of Security Pacific Bank's best customers. The Debtor's loans related to the Hotel Properties matured annually and were routinely renewed by Security Pacific Bank.

In 2008, Mr. Namvar failed to disclose the bank's regulatory problems to the Yacoobians, though he repeatedly represented that the loans would be renewed. Security Pacific Bank was ultimately unable to renew the Debtor's loans because it was taken over by the FDIC in November 2008, shortly before the loans reached their annual maturity. The FDIC subsequently sold two (2) of the Debtor's loans with Security Pacific Bank to Canico.

When the FDIC sold Security Pacific Bank's loan portfolio, a loan to the Debtor in the original principal amount of $6,000,000 secured by a first priority deed of trust (including an assignment of rents) encumbering the Hotel Properties was packaged with a $2,500,000 loan to Martin Yacoobian, Jr., as part of a pool with a combined face value of over $29,000,000. Canico, the buyer of this pool, was not an approved bidder with the FDIC and had it made proper disclosure to the FDIC, could not be an approved bidder as a result of its connection to Ezri Namvar and other borrowers in the pool, which relationships contravene FDIC bidding rules. To sidestep the issue, Canico paid another party to

5

1  acquire the loan pool from the FDIC and subsequently obtained the

2  pool through a series of assignments.  In addition, Canico

3  wrongfully seeks to enforce the cross-collateralization of the two

4  loans described above in spite of the fact that the Credit

5  Committee Approval by Security Pacific Bank required that the

6  cross-collateralization be released if certain conditions were met

7  and those conditions were met.

8      By and through this Motion, the Debtor seeks an order from

9  the Court requiring the person or persons from Canico most

10 knowledgeable with respect to the following subjects to appear for

11 an examination at the date, time and place listed in the above

12 Notice.

13 1.   Acquisition of the loans described above from the FDIC,

14      Galaxy Holdings, LLC, and Olympic Capital Ventures, LLC.

15 2.   The terms and conditions of the loans to Debtor.

16     In addition, the Debtor respectfully requests that the Court

17 order Canico to produce the documents detailed in **Exhibit A**

18 attached hereto on or before the time of the examination.

19

20                              **II.**

21                           **ARGUMENT**

22     F.R.B.P. Rule 2004 ("Rule 2004") permits an examination "of

23 any entity" with respect to property of the debtor and with

24 respect to "any matter which may affect the administration of the

25 debtor's estate."  Under F.R.B.P. Rule 2004(c), the production of

26 documents may be compelled in connection with an examination.

27     The scope of a Rule 2004 examination is broader than

28 discovery allowed under the Federal Rules of Civil Procedure.  In

1   re GHR Energy Corp., 33 B.R. 451, 453 (Bankr. D. Mass. 1983)
2   (noting that Rule 2004 examination is allowed for the "purpose of
3   discovering assets and unearthing frauds").  Because the purpose
4   of a Rule 2004 investigation is to aid in the discovery of assets,
5   any third party who can be shown to have a relationship with the
6   debtor can be made subject to a Rule 2004 investigation.  In re
7   Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993).

8        As set forth above, the Debtor seeks to compel Canico to
9   provide the documents described in **Exhibit A**.  The Debtor believes
10  that Canico's improper acquisition of the Debtor's loans from the
11  FDIC subjects Canico to equitable subordination claims under
12  Section 510(c) of the Code and potential action by the FDIC.  In
13  addition, additional grounds for action may lie in Canico's
14  knowing improper attempt to enforce the cross-collateralization of
15  loans to the Debtor with loans of a non-Debtor to the detriment of
16  the Debtor and this estate.  The Debtor needs discovery of the
17  information sought herein to determine the extent of the wrong-
18  doing by Canico.

19       Moreover, the Debtor has no other means to discover the
20  information.  Discovery under F.R.B.P. Rule 9014 is unavailable in
21  the instant case because there is no adversary proceeding or
22  contested matter currently pending between the Debtor and Canico.
23  Further, Canico has not yet filed a claim in the case.  Accor-
24  dingly, discovery under Rule 2004 is warranted.
25  //
26  //
27  //
28  //

### III.

### **CONCLUSION**

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order: (1) requiring the person or persons from Canico most knowledgeable to appear for an examination at the time, date and place set forth above; and (2) compelling the production of all documents requested herein for inspection and copying on or before the time of the examination. A proposed form of Order is attached hereto as **Exhibit B** and is incorporated by this reference.

Dated: October 14 , 2010

WEINTRAUB & SELTH, APC

By _____
Daniel J. Weintraub
James R. Selth
Marc A. Collins
Attorneys for Debtor and
Debtor-in-Possession
YACOOBIAN ENTERPRISES, LP

**DECLARATION OF DANIEL J. WEINTRAUB**

I, Daniel J. Weintraub, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and the United States District Court for the Central District of California. I am the President of the law firm of Weintraub & Selth, a Professional Corporation ("WS"), counsel for Yacoobian Enterprises, LP, the debtor and debtor-in-possession herein (the "Debtor"). Each of the facts contained in this declaration is based on my personal knowledge and if called as a witness, I could and would competently testify hereto.

2. At present, there are no adversary proceedings or contested matters pending between Canico Capital Group, LLC ("Canico") and the Debtor. Further, Canico has not yet filed a Proof of Claim in this case.

3. Attached hereto as **Exhibit A** is a list of documents the Debtor seeks to inspect prior to the proposed examination.

4. In compliance with Local Bankruptcy Rule 2004(c), I initiated a telephonic meet-and-confer session with Michael Bubman, counsel of record for Canico in this case, earlier this week. I left him a message and sent him an e-mail informing him that the Debtor was initiating a Rule 2004 examination and proposing November 5, 2010 for the examination and production of documents. Although I did not initially receive a return phone call or message, I have been exchanging calls with Mr. Bubman commencing on Wednesday afternoon.

//

//

//

1    I declare under penalty of perjury, under the laws of the

2  United States, that the foregoing is true and correct, and that

3  this declaration was executed by me on the $\underline{14}$ day of October,

4  2010, at Los Angeles, California.

5

6                                    Daniel J. Weintraub

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

**EXHIBIT A**

Definitions

1.  "All" includes "each" or "any" and vice versa.

2.  "Communications" shall mean and refer to written, oral, electronic or other transmission of fact, information, ideas or opinions, including but not limited to, declarations, affidavits, statements, any utterance, notation, question, command, interjection, expression, gesture, expressive conduct or statement of any kind whatsoever, any conversation, and any meeting, face to face to otherwise, and also including, but not limited to any "Document" or "Documents" as defined herein.

3.  "Document" or "Documents" shall mean and refer to all documents and things referred to in Fed.R.Civ.Proc. 34 and F.R.B.P. Rule 7034, including without limitations, all writings, the original and any copy of handwriting, typewriting, printing, photographing and evy other means of recording upon any tangible thing and form of communication or representation, including letters, words, picture, sounds, symbols, or combinations of them, including, but not limited, papers, books, accounts, ledgers, journals, books, memoranda, telegrams, cables, wire transfers, notes, notations, work papers, inter- and intra- office communications to, between, or among directors, officers, agents, or employees, transcripts, minutes, reports, and recordings or telephone or other conversations or of interviews of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computers tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilm,

1  microfiche, correspondence, memoranda, notes, research, notations,

2  conversations, electronically stored information, compilations, of

3  computer data, forms, tape, reports, emails, SMS, instant

4  messages, text messages and any other writings or records in

5  electronic, photographic or mechanical form, and things similar to

6  any of the foregoing, regardless of their author or origin, of any

7  kind.

8      In the event any Document called for buy this request has

9  been destroyed, that Document is to be identified as follows:

10  addressser, addressee, indicated or blind copies, date, subject

11  matter, number of pages, attachments or appendices, all persons to

12  whom distributed, shown or explained, date of destruction, manner

13  of destruction, reasons for destruction, person authorizing

14  destruction and person destroying that Document.

15      Further, if you allege than Document called for by this

16  request is not in your possession custody or control, that

17  Document is to be identified the same as any destroyed Document

18  and you are to state the names and address of any person who does

19  have possession of that Document.

20      4.   The term "You", "Your" or "Canico" shall mean and refer

21  to Canico Capital Group, LLC and/or any variation, alias, alter

22  ego, parent, or affiliated company, subsidiary, division,

23  predecessor in interest, successor interest, agent, partners,

24  officer, attorney, accountant, employee or representative thereof.

25

26                    <u>Requests for Production</u>

27      1.   All Documents in Your possession related to the following

28  real properties:

1          a.   The King Edward Hotel located at 121 E. 5th Street,

2   Los Angeles, California 90013.

3          b.   The Baltimore Hotel located at 501 South Los Angeles

4   Street, Los Angeles, California 90013.

5          c.   The Leland Hotel located at 116½ East Fifth Street,

6   Los Angeles, California 90013.

7          d.   21515 Roscoe Blvd, Los Angeles, CA 91304.

8      2.   All Documents related to Your acquisition of loans from

9   the Federal Deposit Insurance Corporation ("FDIC") including, but

10  not limited to, evidence of Communications and copies of all

11  records related to communications with Galaxy Commercial Holding,

12  LLC.

13     3.   All Documents related to Your acquisition of loans from

14  the Federal Deposit Insurance Corporation ("FDIC") including, but

15  not limited to, evidence of Communications and copies of all

16  records related to communications with Olympic Capital Venture,

17  LLC.

18     4.   All Documents related to Your acquisition of loans from

19  the Federal Deposit Insurance Corporation ("FDIC") including, but

20  not limited to, evidence of Communications and copies of all

21  records related to communications with any other company involved

22  with the acquisition.

23     5.   All Documents delivered by the FDIC in connection the

24  real properties listed in No. 1 above.

25

26

27

28

# EXHIBIT "B"

1 | Daniel J. Weintraub – Bar #132111
James R. Selth – Bar #123420
2 | Marc A. Collins – Bar #136769
WEINTRAUB & SELTH, APC
3 | 11766 Wilshire Blvd., Suite 1170
Los Angeles, CA 90025
4 | Telephone: (310) 207-1494
Facsimile: (310) 442-0660
5 |
Attorney for Debtor and Debtor-in-Possession,
6 | YACOOBIAN ENTERPRISES, LP

7

8 |                **UNITED STATES BANKRUPTCY COURT**

9 |     **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO DIVISION**

10

11 | In re                                    ) Case No. 1:10-bk-19542-GM
                                            )
12 | YACOOBIAN ENTERPRISES, LP,              ) Chapter 11
                                            )
13 |                                         ) **ORDER GRANTING DEBTOR'S**
                                            ) **MOTION FOR ORDER REQUIRING**
14 |                    Debtor               ) **CANICO CAPITAL GROUP, LLC TO**
                                            ) **PRODUCE DOCUMENTS AND FOR THE**
15 |                                         ) **PERSON(S) MOST KNOWLEDGEABLE**
                                            ) **TO APPEAR TO BE EXAMINED**
16 |                                         ) **PURSUANT TO RULE 2004 OF THE**
                                            ) **FEDERAL RULES OF BANKRUPTCY**
17 |                                         ) **PROCEDURE**
                                            )
18 |                                         ) [F.R.B.P. Rule 2004(a) and Local Bankruptcy
                                            ) Rule 2004-1]
19 |                                         )
                                            ) Date:
20 |                                         ) Time: [No Hearing Required]
                                            ) Place:
21 | _____        )

22

23 |         Upon consideration of the Motion for Order Requiring Canico Capital Group, LLC to

24 | Produce Documents and for the Person Most Knowledgeable to Be Examined Pursuant to Rule

25 | 2004 of the Federal Rules of Bankruptcy Procedure, the Memorandum of Points and Authorities

26 | and the Declaration of Daniel J. Weintraub (the "Motion") filed by Yacoobian Enterprises, LP

27 | (the "Debtor") , the Court having reviewed the Motion by Debtor Yacoobian Enterprises, LP

28 | ("Debtor"), and good cause appearing;

- 1 -

**IT IS HEREBY ORDERED** that:

1.   The Person(s) Most Knowledgeable of Canico Capital Group, LLC shall appear for examination concerning all matters set forth in the Motion on November 5, 2010 at 10:00 a.m., and thereafter from day-to-day (excluding Saturdays, Sundays and holidays) until completed, at Weintraub & Selth, APC, located at 11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025, or at such other time and place agreed upon by the parties; and

2.   Canico Capital Group, LLC shall deliver to counsel for the Debtor, on or before November 5, 2010 at 10:00 a.m., any and all documents specified in **Exhibit A** to the Motion.

# # #

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document described as ORDER GRANTING DEBTOR'S MOTION FOR ORDER REQUIRING CANICO CAPITAL GROUP, LLC TO PRODUCE DOCUMENTS AND FOR THE PERSON(S) MOST KNOWLEDGEABLE TO APPEAR TO BE EXAMINED PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 14, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On October 14, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Canico Capital Group LLC
1000 S. Westgate Ave., #100
Los Angeles, CA 90025

☐  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 14, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon. Geraldine Mund, United States Bankruptcy Court, Woodland Hills

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 14, 2010 | Delores Jackson | /s/ Delores Jackson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

- 3 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING DEBTOR'S MOTION FOR ORDER REQUIRING CANICO CAPITAL GROUP, LLC TO PRODUCE DOCUMENTS AND FOR THE PERSON(S) MOST KNOWLEDGEABLE TO APPEAR TO BE EXAMINED PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of October 14, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- David I Brownstein   brownsteinlaw@gmail.com
- Ashley M McDow   amcdow@mbnlawyers.com
- Christopher S Reeder   ecfnotices@reederlu.com
- S Margaux Ross   margaux.ross@usdoj.gov
- James R Selth   jim@wsrlaw.net, charles@wsrlaw.net
- David A Tilem   davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Leon L Vickman   lvickman@pacbell.net
- Daniel J Weintraub   dan@wsrlaw.net, charles@wsrlaw.net;erika@wsrlaw.net

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Canico Capital Group LLC
1000 S. Westgate Ave., #100
Los Angeles, CA 90025

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

| In re:  YACOOBIAN ENTERPRISES, LP, | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  1:10-bk-19542-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  11766 Wilshire Blvd., Suite 1170, Los Angeles, California 90025.  A true and correct copy of the foregoing document: **DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING CANICO CAPITAL GROUP, LLC TO PRODUCE DOCUMENTS AND FOR THE PERSON(S) MOST KNOWLEDGEABLE TO APPEAR TO BE EXAMINED, PURSUANT TO RULE 2004; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 14, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

David I Brownstein    brownsteinlaw@gmail.com
Ashley M McDow    amcdow@mbnlawyers.com
Christopher S Reeder    ecfnotices@reederlu.com
S Margaux Ross    margaux.ross@usdoj.gov
James R Selth    jim@wsrlaw.net, charles@wsrlaw.net
David A Tilem    davidtilem@tilemlaw.com,
malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Leon L Vickman    lvickman@pacbell.net
Daniel J Weintraub    dan@wsrlaw.net, charles@wsrlaw.net;erika@wsrlaw.net

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On October 14, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Canico Capital Group LLC
1000 S. Westgate Ave., #100
Los Angeles, CA 90025

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 14, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Geraldine Mund, United States Bankruptcy Court, Woodland Hills

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

| In re: YACOOBIAN ENTERPRISES, LP, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-19542-GM |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

October 14, 2010          Charles Speed
_Date_                            _Type Name_                                              _Signature_

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                        **F 9013-3.1**